NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

KURT D. COLEMAN, *Appellant*.

No. 1 CA-CR 17-0042
FILED 8-8-2019

---

Appeal from the Superior Court in Maricopa County
No. CR2012-008340-001
The Honorable Rosa Mroz, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Law Office of Kyle T. Green, Tempe
By Kyle Green
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Maria Elena Cruz joined.

---

**M O R S E**, Judge:

**¶1**        Kurt D. Coleman appeals his convictions and sentences for first degree murder, armed robbery, and misconduct involving weapons. After searching the entire record, Coleman's counsel identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), counsel asked this Court to search the record for fundamental error. Coleman was granted an opportunity to file a supplemental brief *in propria persona* and did not do so. After reviewing the entire record, we find no fundamental error and affirm Coleman's convictions and sentences.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**        At approximately 7:30 p.m. on June 17, 2012, someone wearing a hat, long pants, and a distinctively patterned long-sleeve shirt entered a tobacco shop in Mesa. The store's owner was the only other person in the shop. When the owner turned around to hand the individual an item from a display case, the individual shot her point blank in the head with a .25 caliber handgun, killing her. The shooter then grabbed cartons of cigarettes and the cash register and fled. Shortly thereafter, another customer entered the store, saw the victim's body on the ground behind the counter, and called the police.

**¶3**        The next morning, a driver on a roadway near the tobacco shop found a broken cash register on the street and turned it over to the police. Fingerprints recovered from the bottom of the cash register matched Coleman's prints. Also, images from the tobacco shop's surveillance video

---

[1]        We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant. *State v. Harm*, 236 Ariz. 402, 404 n.2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

that captured the murder showed tattoos on the shooter's hand and waist that resembled Coleman's similarly-located tattoos.

¶4 Upon executing a search warrant at a residence associated with Coleman, police found a shirt that matched the unusually patterned shirt worn by the shooter. Police also recovered a .25 caliber handgun that had been rendered inoperable. A witness testified that Coleman had disabled the firearm the day after the murder. Significantly, Coleman admitted to at least one acquaintance that he shot and killed the tobacco shop owner before taking the shop's cash register. At the time of the murder, Coleman was on secured release in an unrelated criminal matter, and Coleman admitted during a police interview after the murder that he was prohibited from possessing a firearm.

¶5 The State charged Coleman with first degree murder—based on premeditation or, alternatively, felony murder—armed robbery, and misconduct involving weapons. The State further provided notice that it intended to seek the death penalty should Coleman be convicted of first degree murder. At trial, although Coleman argued the murder was not premeditated, he did not otherwise contest his guilt.[2] Instead, his trial strategy focused on presenting mitigation evidence during the sentencing phase.

---

[2] After the State concluded its case in the guilt phase, Coleman expressly declined to seek a judgment of acquittal on any count. *See* Ariz. R. Crim. P. 20. However, he moved for judgment of acquittal on the State's allegation that he committed the offenses while on release. *See* Ariz. Rev. Stat. (A.R.S.) § 13-751(F)(7)(a) (committing offense while "[i]n the custody of or on authorized or unauthorized release from the state department of corrections, a law enforcement agency or a county or city jail" is an allegeable aggravating factor in death penalty cases). According to Coleman, he was on "pre-trial release" in another criminal case. Thus, Coleman argued, he was not on "release" as contemplated by the statute. Based on the plain language of § 13-751(F)(7)(a), the trial court properly denied the motion.

¶6 The jury convicted Coleman of first degree murder,[3] armed robbery, and misconduct involving weapons. The jury also found the following aggravating factors: previous conviction of a serious offense; commission of the murder as consideration for the receipt of anything of pecuniary value; and commission of the murder while on release from the state department of corrections, a law enforcement agency or a county or city jail. At the conclusion of the penalty phase, the jurors unanimously recommended a sentence of life imprisonment for the first degree murder conviction with no possibility of release.

¶7 The trial court sentenced Coleman as a dangerous, non-repetitive offender to natural life imprisonment for the first degree murder charge and credited him with zero days presentence incarceration. Consecutive to the life term, the court imposed aggravated and concurrent terms of 20 and 15 years' imprisonment, respectively, for the armed robbery and misconduct involving weapons convictions, both of which the court found were dangerous and repetitive offenses. For the terms ordered served consecutively to the life term, the court credited Coleman with 1,631 days' presentence incarceration. Coleman timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

**DISCUSSION**

¶8 Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). The proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The record reveals Coleman was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Coleman's presumption of innocence. At sentencing, Coleman was given an opportunity to speak, and the court stated on the record the evidence and materials it considered

---

[3] The jury unanimously found Coleman committed first degree murder under both theories alleged by the State — premeditation and felony murder.

and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10.

## CONCLUSION

**¶9**        We affirm Coleman's convictions and sentences.

**¶10**        Defense counsel's obligations pertaining to Coleman's representation in this appeal have ended. Counsel need do no more than inform Coleman of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶11**        Coleman has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Coleman thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED: AA